Argued and submitted April 8, affirmed May 29, 1996

In the Matter of the Compensation of
Estela Velazquez, Claimant.

BRONCO CLEANERS
and Liberty Northwest Insurance Company,
*Petitioners,*

*v.*

Estela VELAZQUEZ,
*Respondent.*

(94-05931; CA A89443)

917 P2d 539

Jerald P. Keene argued the cause and filed the brief for petitioners.

Brad Larson argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Haselton, Judges.

EDMONDS, J.

## EDMONDS, J.

Employer[1] seeks review of an order of the Workers' Compensation Board holding that claimant's claim is compensable. We review the Board's findings for substantial evidence and its legal conclusions for errors of law, ORS 183.482(8)(a), (c), and affirm.

Claimant began working for employer, a dry cleaning business, in June 1992. While at work, she was exposed to chemicals and steam. In September 1993, she began noticing a rash on her face that gradually worsened. She sought treatment with Dr. Meckland, who diagnosed the condition as contact dermatitis and prescribed treatment with hydrocortisone cream. Although the cream helped, claimant's condition persisted, and in November 1993, Meckland advised claimant to seek other employment.

In February 1994, claimant filed a claim for the condition, which employer denied. A month later she stopped working for employer. After a hearing, the administrative law judge (ALJ) upheld the denial of the claim. The ALJ concluded that claimant had failed to prove that her employment environment was the major contributing cause of her dermatitis. On appeal, the Board reversed the ALJ.

On judicial review, employer argues that the Board's decision is contrary to ORS 656.266 because it relied solely on a "natural inference" drawn from the temporal relationship between claimant's condition and her employment to support its conclusion that the work exposure was the major contributing cause of claimant's condition. ORS 656.266 provides:

> "The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. *The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other possible explanations of how the injury or disease occurred.*" (Emphasis supplied.)

---

[1] Petitioners on appeal are Bronco Cleaners and its insurer, Liberty Northwest Insurance Corp. We refer to petitioners as employer.

■■ When interpreting what a statute means, we first consider the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). On its face ORS 656.266 precludes a worker from proving compensability solely by disproving other possible explanations of how the injury or disease occurred. Our inquiry regarding the intent of the legislature when it enacted the statute need go no further. The statute plainly requires that there be some affirmative evidence that the condition is caused by the claimant's work exposure.

The Board found:

"Dr. Meckland was aware of claimant's medical and work history and he had numerous opportunities to examine her. * * * Following these examinations, *Dr. Meckland repeatedly evaluated the relationship between claimant's exposures, symptoms, and treatment, ruled out other diagnoses* (including atopic dermatitis, primary irritant dermatitis, and acne rosacea) and non-work related contributors, *and concluded that claimant's contact dermatitis condition was work-related.* * * * His reasoning and conclusions are essentially uncontradicted. Under these circumstances, we find that Dr. Meckland's opinion relating claimant's dermatitis condition to her dry cleaning work is consistent, well-reasoned, and persuasive.

"* * * * *

"Thus, we are persuaded that Dr. Meckland's opinion that claimant's contact dermatitis is work related is not based solely on the temporal relationship between work and symptoms. Dr. Meckland's reasoning reveals that his conclusion also arises from knowledge of the mechanism of the disease and the ruling out of other potential causes. * * * We further note that a claimant need not identify a particular (*i.e.*, exact) cause, if the persuasive evidence indicates that the condition is work related. *See Volk v. Birdseye Division*, [16 Or App 349, 518 P2d 672 (1974)]." (Emphasis supplied.)

According to the Board, Meckland's conclusion that there is a nexus between claimant's condition and her work environment occurred after he had observed the course of her condition over a period of time. His observations were that

the rash appeared after claimant had been working and subsided when she was away from work. Nothing in the text of ORS 656.266 precludes the Board from relying on those observations as proof that a claimant's condition is work related.[2] Rather, the statute addresses the sufficiency of a record in which other explanations for the condition are excluded as the sole predicate for the conclusion that the condition is work related. The rationale forbidden by the statute depends on the absence of specific evidence of causation. Among other things, the statute provides that a claimant may not solely rely on the deductive reasoning that, because the condition did not occur until after the exposure to the work environment and cannot be proven to have been caused by another causative agent, it must have been caused by the work environment.

In the context of this case, if claimant had merely demonstrated that before she worked for employer, she did not have dermatitis, and now she does, her proof would be legally insufficient under the statute. However, claimant's evidence goes beyond that chronological connection. The evidence demonstrates a pattern of diminishment and enhancement of the condition that correlates to the existence of or lack of exposure to the work place. In that light, claimant's proof exceeds what the statute deems insufficient even though Meckland applied a methodology of exclusionary diagnosis.[3]

Additionally, employer argues that claimant failed to identify the specific agent or any agent at work that could be the cause of her condition. Claimant's treating physician

---

[2] Employer cites *Allie v. SAIF*, 79 Or App 284, 288, 719 P2d 47 (1986), and *Edwards v. SAIF*, 30 Or App 21, 566 P2d 189, *rev den* 279 Or 301 (1977), for the proposition that a worker may not prove causation with evidence that merely reasons from or relies on a natural inference drawn from a temporal relationship between the worker's employment and the symptoms of the condition being claimed. Neither of these decisions, which were decided before ORS 656.266 was enacted in 1987 and involved our *de novo* review of the record, involved facts similar to this case.

[3] According to *Stedman's Medical Dictionary* 437 (unabridged 2nd lawyer ed 1966), one method of diagnosis by physicians is by exclusion, *i.e.*, "made by excluding those affectations to which some of the symptoms belong, leaving only one to which all the symptoms point."

testified regarding the difficulty of identifying a particular agent:

> "You know, it's very — contact dermatitis is very difficult to do that with. Some people * * * up at the University, for example, [have] long lists that [they] will have patients go through, you know, of things that, you know, they are possibly exposed to at work; but even then, it's really finding a needle in a hay stack because a patient frequently won't recognize the name of the thing that they are working with * * *.
>
> "* * * * *
>
> "It's difficult to find the particular agent."

When that testimony is considered with Meckland's observations of claimant's condition over a period of time, the Board's finding that claimant's condition is work related is supported by substantial evidence, and its legal conclusion about compensability does not implicate the prohibition of ORS 656.266. We conclude that the Board did not err.

Affirmed.