Argued and submitted November 12, 1998, reversed and remanded for
reconsideration April 7, 1999

In the Matter of the Compensation of
Lynn M. Brown, Claimant.

## SAIF CORPORATION
and Gary's Market,
*Petitioners,*

*v.*

Lynn M. BROWN,
*Respondent.*

(96-05732; CA A98806)

978 P2d 407

David L. Runner argued the cause and filed the brief for
petitioners.

Greg Noble argued the cause and filed the brief for
respondent.

Before Edmonds, Presiding Judge, and Deits, Chief
Judge,* and Armstrong, Judge.

* Deits, C. J., *vice* Warren, P. J., retired.

EDMONDS, P. J.

**EDMONDS, P. J.**

SAIF Corporation and claimant's employer seek judicial review of an order of the Workers' Compensation Board (Board) that reversed the administrative law judge's (ALJ's) order upholding SAIF's denial of claimant's mental disorder claim. We reverse and remand for reconsideration.

We state the facts as found by the ALJ and adopted by the Board. In December 1995, claimant, a convenience store clerk, was compensably injured when a man punched her in the face as a second man attempted to shoplift beer from the store. She received treatment at a hospital and returned to work approximately one week later. In January 1996, SAIF accepted claimant's claim for a laceration and contusion of her left cheek. In March 1996, claimant indicated to Dr. Ronald Schwerzler, her physician, that although she had continued to work, she was experiencing fear, anxiety and depression when she had to work alone. Schwerzler referred her to Dr. Steven Malone, a psychologist, and took her off work. Malone diagnosed post traumatic stress disorder (PTSD). In April 1996, Dr. Eugene Klecan, a psychiatrist, conducted an independent medical examination (IME) of claimant on behalf of SAIF. Klecan concluded that claimant did not have PTSD. In May 1996, SAIF issued a letter that denied the PTSD. SAIF took the position that the December injury was not the major contributing cause of the PTSD. In July, SAIF amended the denial based on the additional rationale that there were no objective findings of PTSD. Claimant requested a hearing. At the hearing, claimant testified that she had incurred gambling debts and had gone through a bankruptcy during 1995 and that she and her husband had separated briefly that fall but subsequently had reunited.

The ALJ framed the issues as "whether claimant [had] a diagnosed mental disorder, and whether there is clear and convincing evidence to support the claim." After indicating that the medical evidence regarding whether claimant had PTSD was in conflict, the ALJ found that Klecan's opinion was the most persuasive for several reasons, including that he had listened to claimant's testimony at the hearing

regarding the off-work stressors. The ALJ discounted Malone's diagnosis, finding that there was no evidence that he was aware of claimant's off-work stressors or that he weighed those factors in arriving at his conclusion. The ALJ affirmed SAIF's denial, concluding:

"Therefore, in light of the fact that Dr. Klecan opined that claimant did not have a diagnosable mental disorder, claimant has not proven one of the statutory elements required to prove a compensable psychological disorder. ORS 656.802(3)(c). Additionally, because the medical evidence which would arguably support claimant's case is not persuasive, I am unable to find that claimant has proven her case by clear and convincing evidence."

Thereafter, claimant appealed to the Board. In her brief to the Board, claimant argued that she had satisfied the four requirements of ORS 656.802(3) and had established that her PTSD was caused by her employment.[1] In its brief to

[1] ORS 656.802 provides, in part:

"(1)(a) As used in this chapter, 'occupational disease' means any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death, including:

"* * * * *

"(B) Any mental disorder, whether sudden or gradual in onset, which requires medical services or results in physical or mental disability or death.

"* * * * *

"(2)(a) The worker must prove that employment conditions were the major contributing cause of the disease.

"* * * * *

"(3) Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter unless the worker establishes all of the following:

"(a) The employment conditions producing the mental disorder exist in a real and objective sense.

"(b) The employment conditions producing the mental disorder are conditions other than conditions generally inherent in every working situation or reasonable disciplinary, corrective or job performance evaluation actions by the employer, or cessation of employment or employment decisions attendant upon ordinary business or financial cycles.

"(c) There is a diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community.

"(d) There is clear and convincing evidence that the mental disorder arose out of and in the course of employment."

the Board, SAIF contended that "[t]he ALJ correctly determined that claimant failed to satisfy her burden of proving that she suffered from [PTSD] that resulted in major part from a work incident * * *." Specifically, SAIF asserted that the more persuasive evidence established that claimant does not have a generally recognized psychological disorder as required by ORS 656.802(3)(c). Additionally, SAIF contended that, because the treating physicians had failed to address the off-work stressors, their opinions were insufficient to satisfy claimant's burden of proving by clear and convincing evidence that any mental disorder arose out of and in the course of employment. *See* ORS 656.802(3)(d).

In its ruling on appeal, the Board agreed with claimant's contention "that a preponderance of the medical evidence establishes the diagnosis of PTSD resulting from the assault." After acknowledging that for a mental disorder to be compensable, a claimant must satisfy the requirements of ORS 656.802(2)(a) and (3)(a)-(d), the Board identified the primary issue as whether "as a result of the work-related assault, claimant developed a generally recognized mental or emotional disorder." It then found that "there [were] no persuasive reasons not to defer to the opinion[s] of the attending physicians that claimant developed PTSD after being assaulted at work." The Board discounted the fact that Malone was unaware of the off-work stressors, because it found that they had resolved or improved before the assault. In conclusion, the Board stated:

"[W]e find that claimant satisfied her burden of proving that she suffered a compensable mental disorder (PTSD) as a result of a work-related assault on December 14, 1995. Since, there is no dispute that claimant's psychological claim satisfies the other statutory criteria in ORS 656.802(3), we reverse the ALJ's decision upholding SAIF's denial."

On review, SAIF and employer argue that the medical opinions of the treating physicians are based on incomplete information regarding the cause of claimant's disorder and that the Board rendered its own "medical opinion" when it concluded that the off-work stressors had resolved or improved before the assault occurred. Thus, they conclude that the opinions are insufficient as a matter of law to satisfy

claimant's burden of proving by clear and convincing evidence that the assault was the major contributing cause of her PTSD.[2] Also, they contend:

"To prove the compensability of such a disorder, claimant must satisfy each of the elements of ORS 656.802(3). Among these elements is the requirement that claimant prove by 'clear and convincing evidence that the mental disorder arose out of and in the course of employment.' ORS 656.802(3)(d).

"A condition arises out of employment under ORS 656.802 only if the claimant proves that employment conditions were the major contributing cause of the condition. ORS 656.802(1)(a), (2)(a); *Dethlefs v. Hyster Co.*, 295 Or 298, 309-10, 667 P2d 487 (1983). Accordingly, to satisfy paragraph (d) of ORS 656.802(3), claimant was required to prove by clear and convincing evidence that employment conditions were the major contributing cause of her condition." (Footnotes omitted.)

■■ Before we can address SAIF's and employer's arguments, we must be able to ascertain the basis of the Board's ruling. In other words, for an order to be adequate for judicial review, we must be able to discern what the Board found as fact and why its findings led to its conclusions. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). SAIF's "bottom-line" argument is that the medical evidence does not satisfy claimant's burden of proof under ORS 656.802(3)(d). Although SAIF raised that issue in its brief to the Board, we are unable to determine from the Board's order whether it considered or decided that issue. The Board agreed with claimant that she had established by a "preponderance" of the medical evidence that PTSD had resulted from the assault. The Board also indicated that there was no "dispute" regarding the other requirements of ORS 656.802(3). In fact, there is a dispute. SAIF expressly raised the issue of whether claimant's proof of causation was clear and convincing under section 3(d). In light of the Board's opinion, we cannot determine whether the Board considered only the diagnosis of PTSD to be in dispute and issued its

---

[2] We understand the statutory term "clear and convincing" to mean that "the truth of the facts asserted must be highly probable." *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 407, 737 P2d 595 (1987).

order on that ground alone or whether it also considered the issue of whether claimant satisfied her burden under ORS 656.802(3)(d). Thus, the Board's order is inadequate for review.[3]

Reversed and remanded for reconsideration.

---

[3] Because of our disposition of this case, we do not consider the substantive merits of SAIF's and employer's arguments or what effect ORS 656.802(3)(d) has on the major contributing cause standard of ORS 656.802(2)(a).