Argued and submitted December 10, 1999, reversed and remanded
August 30, 2000

In the Matter of the Compensation of
Stacy Frierson, Claimant.

### LABOR FORCE OF OREGON,
*Petitioner,*

*v.*

### Stacy FRIERSON,
*Respondent.*

(98-03225; CA A105758)

9 P3d 128

Jerald P. Keene argued the cause and filed the brief for petitioner.

Gordon S. Gannicott argued the cause for respondent. With him on the brief was Hollander, Lebenbaum & Gannicott.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Employer petitions for review of a Workers' Compensation Board order awarding claimant permanent partial disability. It argues that the Board incorrectly used findings of impairment that did not meet American Medical Association (AMA) validity criteria in calculating the award. We reverse and remand.

Claimant suffered a compensable lumbar strain while lifting heavy metal tubes. When his claim was closed with no award of permanent partial disability, he requested reconsideration by a medical arbiter. *See* ORS 656.268(7)(a). The medical arbiter, Dr. Bald, performed a series of range-of-motion measurements to determine the extent of claimant's disability. Bald recorded his measurements on a standardized form, which lists five categories of different movements. In each category, the form asks "[a]re measurements within +/- 10 [percent] or five [degrees] (whichever is greater)" and provides a box for the arbiter to check "yes" or "no."[1]

On two of the five categories, Bald checked "no." On three of the five categories, he checked "yes," and he left one subcategory—the "straight leg raising validity check"—blank. As part of his report, Bald also answered specific questions. The fifth question stated: "If any findings are considered invalid, provide rationale and detailed reasoning in accordance with Bulletin 239 and the AMA Guides[.]" Bald responded: "Today's findings are fraught with significant inconsistencies. However, I do feel that they are a reasonable description of the claimant's current level of function." Based on Bald's report, the Department of Consumer and Business Services issued an order on reconsideration that awarded claimant nine percent unscheduled permanent partial disability.

---

[1] An interpretative bulletin issued by the Workers' Compensation Division describes the relevant validity criterion for those measurements:

"The AMA's Guides state that 'Reproducibility of abnormal motion is currently the only known criterion for validating optimum effort. The examiner must take at least three consecutive measurements of mobility which must fall within plus or minus ten percent or five degrees (whichever is greater) of each other to be considered consistent.' "

Workers' Compensation Division Bulletin No. 242, at 2 (Feb 1, 1995).

Employer requested a hearing before the administrative law judge (ALJ). Relying on OAR 436-035-0007(28), employer argued that Bald's findings were invalid because they did not satisfy the AMA criteria. The ALJ disagreed, reasoning:

"The employer/insurer's main argument is that Dr. Bald's range of motion findings are invalid pursuant to OAR 436-03[5]-0007(2[8]) and therefore should not be rated. The employer/insurer's argument is set forth in detail at page 4 of its closing argument. Claimant contends on the other hand that Dr. Bald's findings are valid and responds in detail to the employer/insurer's argument at page 3 of his closing argument. After careful consideration of both arguments I must agree with claimant. It is clear that Dr. Bald was aware of significant inconsistencies regarding claimant's range of motion findings as he specifically states at Exhibit 19-3 and 19-4. But Dr. Bald performed three separate measurements for lumbar extension (1.2 percent impairment) and five separate measurements for lumbar flexion (4.0 percent impairment). After performing all of these measurements and after a comprehensive examination of claimant and preparation of a thorough medical arbiter evaluation report, Dr. Bald concluded that his range of motion findings are a reasonable description of claimant's current level of function (permanent impairment). The range of motion findings are therefore valid and support claimant's scheduled PPD award."

The Board adopted the ALJ's opinion and affirmed.

On review, employer argues that the Board incorrectly applied OAR 436-035-0007(28). That rule provides:

"Validity shall be established for findings of impairment according to the criterion noted in the **AMA Guides to the Evaluation of Permanent Impairment, 3rd Ed., Rev., 1990**, unless the validity criterion for a particular finding is not addressed in this reference, is not pertinent to these rules, or is determined by physician opinion to be medically inappropriate for a particular worker. Upon examination, findings of impairment which are determined to be ratable pursuant to these rules shall be rated unless the physician determines the findings are invalid and provides a written opinion, based on sound medical principles, explaining why the findings are invalid. When findings are determined to

be invalid, the findings shall receive a value of zero. If the validity criterion are [*sic*] not met but the physician determines the findings are valid, the physician must provide a written rationale, based on sound medical principles, explaining why the findings are valid." (Boldface in original.)

We held that, under a former version of this rule, findings of impairment that do not meet AMA validity criteria may not be used to rate a claimant's impairment. *Roseburg Forest Products v. Clemons*, 169 Or App 231, 240, 9 P3d 123 (2000) (interpreting *former* OAR 436-035-0007(27) (1996), renumbered as OAR 436-035-0007(28) (1998).[2]

■        Under the amended rule, the Board potentially had to resolve two issues in this case. The first issue is whether Bald's findings of impairment satisfy the AMA criteria. If they do not, the second is whether the explanation that Bald gave met the standard stated in OAR 436-035-0007(28); that is, the question becomes whether Bald's statement—"I do feel that [the findings] are a reasonable description of the claimant's current level of function"—constitutes a "written rationale, based on sound medical principles, explaining why the findings are valid."

        The ALJ's opinion, which the Board adopted, does not address either issue specifically. Indeed, as we observed in *Roseburg Forest Products*, the Board had previously held that the former version of OAR 436-035-0007(28) required it to use findings of impairment that did not comply with the AMA criteria unless the physician had issued a written opinion explaining why those findings were invalid. 169 Or App at 237. The Board's opinion in this case does not preclude the possibility that it ruled, as it previously had and as claimant had expressly urged it to do,[3] that Bald's findings should be

---

[2] The Workers' Compensation Division amended the rule in 1997 to add the final sentence quoted above. That amendment is consistent with our reading of the former version of the rule. It also eliminates an incongruity in the former version of the rule. The rule, as amended, permits a physician to explain why findings that do not comply with the AMA guidelines should nonetheless be used, as well as explaining why findings that do comply with the guidelines should nonetheless not be used. *See Roseburg Forest Products*, 169 Or App at 239 n 7 (noting incongruity).

[3] Claimant advanced that position in this case, first to the ALJ and then to the Board, as a reason why it should use Bald's impairment findings. Claimant made that argument on page three of its closing argument to the ALJ; in his opinion, the ALJ noted that page of claimant's closing argument and agreed with claimant.

used to rate claimant's impairment unless Bald had issued a written opinion explaining why his findings were invalid.

■ Before we can address employer's arguments that the Board failed to apply the rule properly, we must be able to ascertain the basis of the Board's ruling. In other words, for an order to be adequate for judicial review, we must be able to discern what the Board found as fact and why its findings led to its conclusions. *SAIF v. Brown*, 159 Or App 440, 445-46, 978 P2d 407 (1999); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). Because we cannot do so, we reverse and remand for further proceedings consistent with this decision.

Reversed and remanded.