Argued and submitted January 28, reversed and remanded February 27, 2002

In the Matter of the Compensation of
George E. Duarte, Jr., Claimant.

George E. DUARTE, Jr.,
*Petitioner,*

*v.*

SAIF CORPORATION
and Mercy Flights, Inc.,
*Respondents.*

00-03067; A114242

41 P3d 458

Robert F. Webber argued the cause for petitioner. With him on the briefs was Black, Chapman, Webber & Stevens. With him on the reply brief was Arthur W. Stevens III.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

Claimant is an emergency medical technician who has worked for employer Mercy Flights, Inc., for seven years. In February 2000, claimant tested positive for tuberculosis (TB) and filed a workers' compensation claim. Claimant is not aware of having come in contact, either at work or off the job, with anyone who has TB. In support of his claim, however, he introduced evidence from Dr. David Gilmore that it was medically probable that his exposure to TB occurred on the job. When deposed, Gilmore stated that, in his experience, paramedics and hospital workers have a much higher incidence of positive TB tests. He based his opinion that claimant was exposed to TB at work on a statistical analysis and also by ruling out other likely causes.

Employer denied the claim, and the Board upheld the denial. It is unclear from the Board's opinion whether it ruled as a matter of law that claimant had failed to meet his burden of production or whether it found that he had failed to meet his burden of persuasion. If the Board found that claimant failed to meet his burden of persuasion, we would review the Board's order for substantial evidence and substantial reason. If the Board found that he failed to meet his burden of production, we would remand its order for reconsideration in light of our opinion in *Seeley v. Sisters of Providence*, 179 Or App 723, 41 P3d 1093 (2002). Because we cannot determine which course the Board took, we reverse and remand to allow it to clarify and, if appropriate, reconsider its order. *See Labor Force v. Frierson*, 169 Or App 573, 578, 9 P3d 128 (2000).

Reversed and remanded.