Argued and submitted August 21, 2001, reversed and remanded February 27, 2002

## In the Matter of the Compensation of
## Martha K. Seeley, Claimant.

### Martha K. SEELEY,
*Petitioner,*

*v.*

### SISTERS OF PROVIDENCE,
*Respondent.*

### 99-05193; A110771

41 P3d 1093

G. Duff Bloom argued the cause for petitioner. With him on the brief was Cole, Cary, Wing & Bloom, P.C.

Vera Langer argued the cause for respondent. With her on the brief was Scheminske & Lyons, LLP.

Preston Bunnell & Stone, LLP, and Meagan A. Flynn filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

David O. Wilson filed the brief *amicus curiae* for Liberty Northwest Insurance Corporation.

Before Armstrong, Presiding Judge, and Kistler, Judge, and Van Hoomissen, Senior Judge.

KISTLER, J.

## KISTLER, J.

The Workers' Compensation Board held that a doctor's opinion that it was more likely than not that claimant contracted hepatitis C at work was not sufficient to meet claimant's burden of production. Claimant seeks review of that order. We reverse and remand.

Claimant has worked as an operating room technician for more than 25 years. She has worked for her current employer, St. Vincent's Hospital, since 1984. Over the course of her career, claimant has repeatedly handled needles, scalpels, scissors, hypodermic needles, and other sharp instruments. In the course of her work, claimant has repeatedly suffered needle stick injuries. She has sustained approximately 20 needle stick injuries while working for St. Vincent's.

In 1999, claimant suffered a penetrating wound from a suture needle that had been contaminated with a patient's blood. For the first time, claimant was tested for hepatitis and other blood-borne diseases. Claimant tested positive for hepatitis C virus (HCV). The tests showed that she has "an asymptomatic, low-grade hepatitis with slight elevation of the liver enzymes and documented seropositivity with the hepatitis C."

Claimant filed for workers' compensation. Dr. Patrick Goodall performed an independent medical examination at employer's request. Goodall noted that the patient's blood had been tested and revealed no evidence of hepatitis C. He also noted that this was the first time that claimant's blood had been tested. He concluded that, "even though the needle puncture wound under consideration was obviously not the source of her infection, * * * her life-long employment in the field probably did lead to the hepatitis C status."

In reaching that conclusion, Goodall noted that claimant had reported "innumerable episodes of comparable exposure in the early years prior to the requirement for notification of the authorities about needle-stick exposures." Goodall also reviewed claimant's history and reported that "[s]he has not had any known exposures, intravenous drug

use or other blood borne exposure-type episodes outside of the employment situation." Additionally, she had no history of risk factors outside of work that would have made it likely that she contracted the disease off the job. Goodall noted that there was also statistical evidence linking claimant's condition to work. He explained:

"The question of the possible source of her hepatitis C is the focus of this current investigation and outside of her work exposure there is nothing in her history to suggest any particular high-risk activity. In general, health care workers do tend to have a slightly higher incidence of hepatitis C positivity, however this is explained only when you consider those health workers who have had needle-sticks. This patient obviously falls into that group and for this reason it is an appropriate consideration, especially in light of her time in the field and her description of fairly significant number of significant needle-stick exposures over a long period of time, as long as 25 years."

Goodall recognized that "[t]here is no way of ascertaining exactly where this [disease] came from." He determined, however, that claimant's "occupational exposure is such that I would classify the risk of hepatitis C as being more likely than not related to her occupation. Detailed analysis of voluminous medical records, a question and answer series and review of her personal history of physical exam tends to reinforce this opinion." Claimant's treating physician, Dr. Rodger Sleven, reviewed Goodall's report and "agree[d] completely with his conclusions." Goodall later reaffirmed "that it remains more likely than not that [claimant's] HCV is due to a needle stick occurring during the course of her work activities as an [operating room technician]."

Employer denied the claim, and claimant asked for a hearing before an administrative law judge (ALJ). At the hearing, claimant argued that her HCV was a compensable occupational disease "arising out of and in the course of employment" and "caused by substances or activities to which [she was] not ordinarily subjected or exposed other than during a period of regular actual employment." ORS

656.802(1)(a).[1] She submitted medical reports from Goodall, Sleven, and a third doctor supporting her claim. She also testified to a number of needle stick exposures over the course of her career. The ALJ credited claimant's testimony and accepted her and employer's doctors' opinions. He ruled, however, that this evidence was not sufficient to establish that claimant's HCV condition was compensable.

The ALJ began his opinion by stating what claimant had to prove in order to establish that her claim was compensable. He explained:

"Based on ORS 656.266, a claimant must show that a condition is *in fact* related to the work environment. In the absence of medical evidence which would support a finding that claimant was exposed to Hepatitis C during the course of her work, the claim will not be found compensable."

(Emphasis in original.) The ALJ noted that claimant had failed to establish that "any of those penetrating wounds [that she had suffered over 25 years] involved blood which was contaminated with the Hepatitis C virus." He then explained why claimant's evidence was not sufficient:

"Claimant seeks to establish compensability of her claim through deductive reasoning. She cannot establish when or how she was exposed to Hepatitis C. Instead, she has established that there is a higher risk of contracting Hepatitis C as an OR Tech and, thus, argues that that is how she must have contracted the disease. This is precisely the type of logical reasoning that the court rejected in *Bronco Cleaners v. Velazquez*, 141 Or App 295, 299[, 917 P2d 539] (1996). *See also Tamara D. Hergert*, 45 Van Natta 1707 (1993), *aff'd mem* 130 Or App 678[, 882 P2d 648] (1994). Specifically, the Court in *Bronco Cleaners*, 141 Or App at 298, held that a claimant may not fully rely on the deductive reasoning that,

---

[1] ORS 656.802(1)(a) defines an occupational disease as

"any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death, including:

"(A) Any disease or infection caused by ingestion of, absorption of, inhalation of or contact with dust, fumes, vapors, gases, radiation or other substances."

because her conditions did not occur until after work exposure and could not be proven to have been caused by another causative agent, it must have been caused by the work exposure. Instead, the Court held that ORS 656.266 'plainly requires that there be some affirmative evidence that the condition is caused by the claimant's work exposure.' *Id.* Claimant has failed to meet that burden of proof. Therefore, the claim is not compensable."

The Board adopted and affirmed the ALJ's order, writing only to explain that it declined claimant's request to overrule its earlier decisions on this issue. *See, e.g., Tamara D. Hergert,* 45 Van Natta 1707.

On review, claimant argues that the Board interpreted ORS 656.266 too broadly, and, in doing so, imposed on her "requirements above and beyond" the language of ORS 656.802. She contends that the evidence that she presented was sufficient to support a conclusion that her hepatitis was a "disease or infection" that was, more likely than not, "caused by substances or activities to which [she was] not ordinarily subjected or exposed," ORS 656.802. Employer responds that "medical evidence that relies upon a statistical incidence of a disease" is insufficient to establish that a claim is compensable.

We begin with our standard of review. The Board ruled that, because claimant could not establish "when or how she was exposed to Hepatitis C," she had failed to provide the minimum amount of "affirmative evidence" necessary to avoid the effect of ORS 656.266. We understand the Board to have held that claimant's evidence was insufficient as a matter of law. Phrased in more familiar terms, the Board's opinion held that claimant failed to meet her burden of production. Accordingly, the Board did not find it necessary to decide whether she had met her burden of persuasion. We review the Board's conclusion that claimant's evidence was insufficient as a matter of law for legal error.

We agree with claimant that the Board interpreted ORS 656.266 too broadly. That statute provides that a claimant cannot carry his or her burden of proof "merely by disproving other possible explanations of how the injury or disease occurred." ORS 656.266(1). As we explained in

*McTaggart v. Time Warner Cable*, 170 Or App 491, 503-04, 15 P3d 1154 (2000), *rev den* 331 Or 633 (2001):

> "All that the legislature did [in ORS 656.266] was to pro-hibit claimants from doing *no more than* disproving other explanations. It did not prevent them from disproving other possible explanations as part of carrying their burden of proof; thus, a claimant may still exclude alternative expla-nations to assist in proving the claim." (Emphasis in original.)

Conversely, we explained in *Bronco Cleaners v. Velazquez*, 141 Or App 295, 298, 917 P2d 539 (1996), that a claimant will satisfy ORS 656.266 as long as he or she provides "some affir-mative evidence that the condition is caused by the claim-ant's work exposure." Read together, *McTaggart* and *Bronco Cleaners* make clear that, as long as a claimant provides some evidence that his or her condition was caused by the work exposure as well as disproving other causes, ORS 656.266 provides no bar to holding a claim compensable. *See Martin v. City of Portland*, 178 Or App 505, 510, 37 P3d 209 (2001); *McTaggart*, 170 Or App at 503-04; *Bronco Cleaners*, 141 Or App at 298-99.

In this case, the Board recognized that "some affir-mative evidence" will be sufficient to avoid the bar posed by ORS 656.266. It erred, however, in holding that claimant's evidence did not satisfy that standard. The Board reasoned that, without some proof of actual exposure to HCV, claim-ant's evidence was not sufficient to comply with ORS 656.266.[2] The statute is not that strict. As we explained in *McTaggart*, ORS 656.266 prohibits a claimant from proving that his or her condition was caused by work *solely* by dis-proving other causes. 170 Or App at 503-04. Conversely, a claimant will comply with ORS 656.266 as long as there is some affirmative evidence—*i.e.*, some evidence that permits a reasonable trier of fact to infer a causal link between the disease and work but that does not do so by disproving other

---

[2] In holding claimant's evidence insufficient without some proof of actual expo-sure to HCV, the Board relied on a series of its decisions that find their genesis in *Ruben G. Rothe*, 45 Van Natta 369 (1993). We explained, however, in *McTaggart* that "*Rothe* is incorrect." 170 Or App at 503.

causes for the disease. *See Martin*, 178 Or App at 512; *Bronco Cleaners*, 141 Or App at 298-99.

■        Here, claimant introduced Goodall's medical opinion that it was more likely than not that claimant was exposed to HCV at work. Goodall's opinion was based in part on the fact that health care workers who are exposed to needle sticks have a statistically higher incidence of HCV. That statistical evidence does not run afoul of ORS 656.266. It permits the Board to infer that there was a causal link between claimant's HCV and her work, and it does so without disproving other off-the-job causes. *See Bronco Cleaners*, 141 Or App at 298-99 (correlation between the appearance of a rash and work sufficient affirmative evidence to satisfy ORS 656.266).

■        To be sure, Goodall did not rely solely on statistics to determine the cause of claimant's disease. He also analyzed claimant's medical records, posed a series of questions to her, reviewed her personal history, and gave her a physical exam. Even if that analysis served only to provide a basis for excluding other likely sources of HCV, that fact does not render Goodall's opinion insufficient under ORS 656.266. As long as there is some affirmative evidence of causation, which there was, evidence excluding other possible causes of the disease may properly be considered in determining whether the disease was caused by work. *Martin*, 178 Or App at 512; *McTaggart*, 170 Or App at 503-04.

■        The Board erred in concluding that claimant's evidence was insufficient as a matter of law to establish that her claim was compensable. The fact, however, that claimant has met her burden of production does not necessarily mean that she has met her burden of persuasion. As we explained in *Martin*, "[i]f * * * the record contains credible evidence of the causal link between claimant's occupational disease and work exposure, the Board must evaluate the persuasiveness of all of the relevant evidence in the record to determine whether [a] claimant has satisfied his [or her] burden of proof." 178 Or App at 510. We accordingly reverse and remand to allow the Board to consider whether claimant has met her burden of persuasion.

Reversed and remanded.