## MANDELL,
*Respondent,*

*v.*

## STATE ACCIDENT INSURANCE FUND,
*Petitioner.*

### (No. 77-328, CA 12765)

597 P2d 1281

Quintin B. Estell, Associate Counsel, Salem, argued the cause for petitioner. With him on the brief K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

James P. Cronan, Albany, argued the cause for respondent. With him on the brief were J. David Kryger, and Emmons, Kyle, Kropp & Kryger, Albany.

Before Schwab, Chief Judge, and Lee Gillette and Campbell, Judges.

LEE, J.

**LEE, J.**

The issue in this Workers' Compensation case is whether claimant suffered an aggravation of his condition.[1] The referee denied further benefits. The Workers' Compensation Board (Board) found that claimant's condition had not been medically stationary when closed, so it set aside the Determination Order and granted compensation from the date of injury until the claim was closed "pursuant to provisions of ORS 656.268".[2] We reinstate the order of the referee.

On July 1, 1976, claimant, a school custodian, aged 44, used a cleansing product which produced hydrochloric acid fumes while he was cleaning restroom facilities. The fumes caused burning and soreness in claimant's throat and lungs. Claimant worked the remainder of the day. The following day he saw a doctor. That doctor released him to "go to work" on August 13, 1976. The claim was closed on September 9, 1976, without any compensation for temporary total disability.

On September 23, 1976, claimant was seen by Dr. Mahoney who, on October 5, 1976, advised him to stop work. On October 22, 1976, Dr. Mahoney reported that claimant was "able to return back to work on a full-time basis", although he would require "follow-up for at least the next 6-8 months". Claimant continued to have respiratory and diabetic symptoms which Dr.

---

[1] The referee stated that:

"This is an appeal from a denial of claim of aggravation of injury on July 1, 1976. Also at issue is an appeal from a Determination Order dated September 9, 1976 awarding no disability."

However, more than 60 days had elapsed after entry of the Determination Order of September 9, 1976, before the request for hearing was received on January 20, 1977, so the case was necessarily an aggravation claim.

[2] The Board's Order dated September 22, 1978, setting aside the Determination Order, was apparently entered pursuant to ORS 656.295(6), which provides:

"The board may affirm, reverse, modify or supplement the order of the referee and make such disposition of the case as it determines to be appropriate. * * * "

Mahoney attributed to the inhalation of the fumes. Claimant had told Dr. Mahoney that he had no previous chronic cough. On November 1, 1976, Dr. Mahoney hospitalized claimant after an off-the-job exposure to a pesticide smoke bomb. Claimant requested a hearing contending that his continued symptoms were related to his initial inhalation of the fumes.

At the hearing, claimant testified that except for "colds" and "flu" he had not had prior respiratory problems. On cross-examination, it was established that claimant had received emergency hospital treatment for an acute respiratory problem approximately one year prior to breathing the fumes. Claimant said that he had forgotten that occasion. Thereafter, evidence was received that claimant had been hospitalized for a respiratory condition in 1969. The past medical history entered in his 1969 hospital record revealed that he had experienced "recurrent asthma" for three years prior to that hospitalization.

Medical evidence is not sufficient if it fails to show with reasonable certainty that there is a causal connection between the injury and the resultant disability. *Crawford v. Seufert,* 236 Or 369, 388 P2d 456 (1964); *Parker v. Weyerhaeuser Co.,* 236 Or 194, 387 P2d 982 (1963). Claimant was not forthright in disclosing his past medical history. Our de novo review convinces us that claimant's medical condition was stationary when his claim was closed and his subsequent symptoms were unrelated to his initial exposure to the fumes.

Reversed.