Argued and submitted February 2, affirmed June 28, 1995

In the Matter of the Compensation of
David A. McIntyre, Claimant.

David A. McINTYRE,
*Petitioner,*

*v.*

STANDARD UTILITY CONTRACTORS, INC.,
and SAIF Corporation,
*Respondents.*

(9310350; CA A85067)

897 P2d 1202

Pamela A. Schultz argued the cause and filed the brief for petitioner.

Steven R. Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's denial of his claim for back and neck pain. We review for substantial evidence, ORS 183.482(8)(c), and affirm.

On June 24, 1993, claimant suffered an electric shock while working on a power line. He sought treatment at Albany General Hospital for tingling in his hand. He filed a claim, which employer denied on July 20, 1993, on the ground that there were no objective findings to substantiate the injury. Claimant subsequently obtained employment driving a combine for a farmer. On August 31, 1993, claimant sought treatment for back and neck pain from Dr. McGill. On September 13, 1993, McGill diagnosed "cervico-dorsal (neck and back) strain, secondary to muscle spasm resulting from electrocution."[1]

Claimant requested a hearing. On November 29, 1993, the referee set aside the denial of claimant's hand injury claim, but held that claimant's back and neck strain was not related to the compensable injury. The referee held:

"I do not find that claimant has established that the neck and back complaints and the attendant objective findings were related to the June 24, 1993 injury. Dr. McGill 'assumed' that claimant's neck and back condition was related because it was the most traumatic event claimant reported to him. An attribution based on ruling out other causes is not sufficient under ORS 656.266. Thus, those findings, even if considered objective, are not related to the June 24, 1993 injury[.]"

The Board affirmed.

■ In his first assignment, claimant argues that the Board erred when it required expert medical evidence to establish the causal link between the shock and claimant's back and neck pain. Claimant asserts that expert medical evidence is not required when the cause of the injury is readily apparent. *Barnett v. SAIF*, 122 Or App 279, 283, 857 P2d 228

---

[1] McGill also reported:

"Since [claimant] can relate no other incidents, etc., that would account for his current symptoms, I must assume that his current condition is the result of the most traumatic event that has happened to him thus far: the electrocution on 6-24-94."

(1993). Although the cause of claimant's hand injury was readily apparent, the cause of his back and neck pain was not. After the shock, claimant's injury was limited to pain in his hand. There is no evidence, medical or otherwise, that claimant suffered back and neck pain at the time he visited Albany General Hospital. Although claimant asserts that the back and neck pain developed soon after the hospital visit, he did not seek medical treatment until two months after the shock. Under these circumstances, expert medical evidence was required.

■     In claimant's second assignment, he argues that the Board erred when it held that McGill's opinion on causation was insufficient because it was established by disproving other possible causes. *See* ORS 656.266.[2] Claimant asserts that, even assuming that ORS 656.266 applies, McGill's analysis was not limited to disproving other possible causes. He points to Dr. McGill's findings on the muscle spasms and emotional shock.

■     We disagree with claimant for two reasons. The Board did not rely solely on ORS 656.266 in making its findings. It found that "Dr. McGill's assumption of a causal relationship is [not] sufficient to establish that it is medically probable that the electrical shock caused the strain." To prove medical causation, a medical opinion must be based on medical probability. *Lenox v. SAIF*, 54 Or App 551, 554, 635 P2d 406 (1981). Here, the Board reviewed that standard and found that McGill's opinion was not based on a medical probability.

■     However, even if the Board's finding dealt solely with the issue of whether McGill's report satisfied the requirements of ORS 656.266, its findings are supported by substantial evidence. Claimant's interpretation of McGill's report is one possible interpretation. However, the Board did not accept claimant's interpretation of that report. When it interpreted the report, it found that "Dr. McGill's assumption of a causal relationship is [not] sufficient to establish that it is

---

[2] ORS 656.266 provides, in part:

"The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other explanations of how the injury or disease occurred."

medically probable that the electrical shock caused the strain. McGill merely stated that, 'Since [claimant] can relate no other incidents, etc., that would account for his current symptoms, *I must assume* that his current condition is the result of the most traumatic event that has happened to him thus far: the electrocution of 6-24-93.' " (Emphasis supplied.) The Board's interpretation of that report is reasonable and is supported by substantial evidence.

■ ■ In his final assignment, claimant argues that, because there was no medical evidence to the contrary, the Board erred in rejecting McGill's conclusion. Claimant contends that, absent persuasive reasons not to do so, we generally defer to the treating physician's opinion. *Weiland v. SAIF*, 64 Or App 810, 814, 669 P2d 1163 (1983). A treating physician's opinion, however, is less persuasive when the physician did not examine the claimant immediately after the injury. *Kienow's Food Stores, Inc. v. Lyster*, 79 Or App 416, 421, 719 P2d 890 (1986). Here, because McGill did not observe claimant until two months after the injury, the Board chose not to accord much weight to his conclusion. There was no error.

Affirmed.