Argued and submitted September 24, 1996; resubmitted In Banc March 14, affirmed April 23, petition for review denied June 24, 1997 (325 Or 438)

In the Matter of the Compensation of
Kim E. Danboise, Claimant.

SAIF CORPORATION,
*Petitioner,*

*and*

WILSON CONSTRUCTION CO.,
*Employer,*

*v.*

Kim E. DANBOISE,
*Respondent.*

(94-14711; CA A91148)

937 P2d 127

Julene M. Quinn argued the cause and filed the brief for petitioner.

John M. Oswald argued the cause for respondent. On the brief were Marianne Bottini and Bottini & Bottini, PC.

No appearance for employer Wilson Construction Co.

RIGGS, J.

Warren, J., dissenting.

Landau, J., dissenting.

**RIGGS, J.**

Employer seeks review of an order of the Workers' Compensation Board affirming the award of permanent partial disability to claimant. Employer contends that the Board applied an incorrect standard of proof in evaluating the claim. We conclude that the Board applied the correct standard, and that under that standard, substantial evidence supports the Board's findings concerning the extent of claimant's impairment. Accordingly, we affirm the Board.

Claimant injured his neck in September 1993, while working for employer. Employer accepted the claim and, ultimately, the Board affirmed the administrative law judge's award of 21 percent unscheduled permanent partial disability.

The record contains ample evidence to support the Board's findings that claimant sustained a cervical injury on the job, that he had no prior physical limitations before the accident and that he has cervical impairment due to the injury. The medical arbiters found diminished cervical range of motion; although they did not recite the words "due to the compensable injury" in describing the source of claimant's impairment, their report supports a finding that claimant had impairment due to the compensable injury.

Employer's only assignment of error is that the Board applied an incorrect standard of proof. In its order on reconsideration, the Board said:

"We agree that claimant has the burden of establishing that his cervical impairment is due to his compensable injury. *Claimant may, however, meet that burden by presenting a treating physician's or medical arbiter's report that: (1) contains impairment findings that are consistent with [his] compensable injury; and (2) does not attribute those findings to causes other than the compensable injury. For the reasons stated in our prior order, we continue to conclude that claimant has met [his] burden under that standard.*" (Emphasis supplied.)

In employer's view, the emphasized portion of the Board's discussion shows that it has deviated from the requirement of ORS 656.214(5) that "the criteria for rating disability shall

be the permanent loss of earning capacity *due to* the compensable injury." (Emphasis supplied.) Employer and the dissenting opinion believe that the Board's "consistent with" language diminishes claimant's burden to show that his impairment is "due to" the injury. In our view, read in the context of the preceding sentence and its earlier findings, the Board's explanation of the evidence that claimant was required to produce was correct. As the Board found, the record in this case identifies no noncompensable factors that may have contributed to claimant's impairment. The Board is correct that, when the record discloses no other possible source of impairment, medical evidence that rates the impairment and describes it as "consistent with" the compensable injury supports a finding that the impairment is due to the compensable injury. It is the Board's responsibility to make findings regarding claimant's impairment. It has made those findings and they are supported by substantial evidence.

Affirmed.

**WARREN, J.,** dissenting.

I join in Judge Landau's dissent and write simply to point out that the majority premises its result on a logical fallacy. To say that a finding of impairment is consistent with a compensable injury only means that it could be compensable. To say no one has said that it is not compensable does not mean that it is compensable. Here, the majority holds that when an impairment could be compensable and no one says it is not, it is compensable; that is logically fallacious.

I dissent.

**LANDAU, J.,** dissenting.

The Board began its description of the applicable standard by stating that claimant "has the burden of establishing that his cervical impairment is due to his compensable injury." That is a correct statement of the law. ORS 656.214(5). The Board then qualified that correct statement of the law with the following sentence:

"Claimant may, however, meet that burden by presenting a treating physician's or medical arbiter's report that: (1) contains impairment findings that *are consistent with* [his] compensable injury; and (2) does not attribute those findings to causes other than the compensable injury."

(Emphasis supplied.) In my view, two things are clear from the foregoing sentence.

First, it is intended as a qualification of the statement of the legal standard that preceded it. I know no other meaning of the clause "[c]laimant may, *however,* meet that burden" than that the Board intended what followed to qualify the immediately preceding sentence. *See, e.g., Webster's Third New International Dictionary* 1097 (1976) (defining "however" as "in spite of that: on the other hand: BUT"); *New Shorter Oxford English Dictionary* 1272 (1993) ("however" means "for all that, nevertheless, notwithstanding; but"); Theodore Bernstein, *The Careful Writer* 218 (1978) ("however * * * throws contrasting emphasis on what precedes it").

Second, the qualification that followed is not a correct statement of the law. ORS 656.214(5) provides that claimant bears the burden of proving a causal link between the job injury and the medical impairment. *Senters v. SAIF*, 91 Or App 704, 707, 756 P2d 693 (1988); *Paige v. SAIF*, 75 Or App 160, 163, 706 P2d 575 (1985). The Board states that claimant can satisfy his burden by establishing something less than causation; claimant may prevail merely by offering evidence that is "consistent with" his claim when there is no evidence to the contrary. In my view, that is wrong. Evidence of consistency simply does not, by itself, prove causation. That is true as a matter of common sense. Evidence that washing one's car invariably is followed by a rainy day does not establish that the washing produces the rain, even in the absence of evidence of alternate causes. The same is true as a matter of law. *See, e.g., Bronco Cleaners v. Velazquez*, 141 Or App 295, 299, 917 P2d 539 (1996) (a claimant cannot rely solely on temporal correlation of exposure and symptoms to satisfy causation requirement).

It may well be that the Board can determine from the evidence in the record of this case that claimant, in fact, has satisfied his statutory burden. That is a matter for the

Board to determine by the application of the correct legal standard. *See, e.g., Liberty Northwest Ins. Corp. v. Golden,* 116 Or App 64, 69, 840 P2d 1362 (1992), *rev den* 315 Or 442 (1993) ("[b]ecause the Board used the wrong legal standard, we remand for reconsideration"). In the opinion before us, the Board did not apply the correct legal standard, and therefore, I respectfully dissent from the majority's decision to affirm.

Warren and Leeson, JJ., join in this dissenting opinion.