Argued and submitted December 3, 1997, reversed February 4, 1998

In the Matter of the Compensation of
Richard S. Gaffke, Claimant.

SAIF CORPORATION
and Graphic Arts Center, Inc.,
*Petitioners,*

*v.*

Richard S. GAFFKE,
*Respondent.*

(96-02998; CA A96002)

954 P2d 179

David L. Runner argued the cause and filed the brief for petitioners.

Donald M. Hooton argued the cause for respondent. With him on the brief was Schneider, Hooton.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

SAIF seeks review of an order of the Workers' Compensation Board (the Board), contending that the Board erred in affirming an award of unscheduled permanent partial disability (PPD). We review for errors of law, ORS 656.298(6); ORS 183.482(7), and reverse.

Claimant worked in employer's mail department, a job that required him continuously to lift and move heavy mail bags during 12-hour shifts. On September 7, 1995, claimant sought medical treatment for pain in his right shoulder that began some time earlier and gradually became worse. Dr. McDonald diagnosed "rotator cuff strain right shoulder," prescribed a course of treatment and released claimant to modified work. SAIF accepted claimant's claim as "strain right shoulder."

On November 6, 1995, McDonald determined that claimant was medically stationary, without impairment, and released him to regular work. SAIF closed the claim on November 22, 1995, with no award of PPD. Claimant requested reconsideration of the Notice of Closure from the Department of Consumer and Business Services (DCBS) and requested a medical arbiter's examination. The medical arbiter, Dr. Dinneen, concluded that

> "[t]here is some decreased range of motion of the right shoulder, but this is not medically probably due to the reported incident, although there was apparently no one specific incident. On his last two visits to [McDonald] his range of motion of the right shoulder was described as full, indicating objective recovery from the reported incident."

At claimant's request, DCBS asked Dinneen for more information about the cause of claimant's limited range of motion in his shoulder. Dinneen responded: "The cause is not known." The Workers' Compensation Division issued an Order on Reconsideration on February 26, 1996, affirming SAIF's denial of PPD.

Claimant requested a hearing. The administrative law judge (ALJ), relying on *Kim E. Danboise*, 47 Van Natta 2163 (1995), *aff'd SAIF v. Danboise,* 147 Or App 550, 937 P2d

127, *rev den* 325 Or 438 (1997), concluded that because Dinneen did not attribute the cause of claimant's loss of range of motion to something other than the compensable injury, "claimant is entitled to have his right shoulder rated using Dr. Dinneen's physical examination findings." The ALJ awarded claimant five percent unscheduled PPD. The Board's Order on Review adopted and affirmed the ALJ's order, adding that Dinneen's opinion that claimant's shoulder impairment was not related to the compensable injury was unpersuasive because it was "utterly unexplained." *See Somers v. SAIF*, 77 Or App 259, 263, 712 P2d 179 (1986) (Board may give more weight to medical opinions that are well reasoned and based on complete information.).

In its first assignment of error, SAIF argues that the Board erroneously relieved claimant of his burden of proving that his right shoulder impairment was due to the compensable injury, because "there is no medical evidence in this case stating that claimant's impairment is 'consistent with' the compensable injury." Claimant responds that the Board found that "the preponderance of medical opinion" established that claimant suffered impairment due to his compensable injury and that that finding is supported by substantial evidence.

Entitlement to PPD requires a claimant to establish the impairment by a preponderance of medical evidence based upon objective findings. ORS 656.726(3)(f)(B). Claimant also must establish that the impairment is due to a compensable injury. ORS 656.214(2). In *SAIF v. Danboise,* 147 Or App 550, 553, 937 P2d 127, *rev den* 325 Or 438 (1997), we held that

"when the record discloses no other possible source of impairment, medical evidence that rates the impairment and describes it as 'consistent with' the compensable injury supports a finding that the impairment is due to the compensable injury."

In that case, the issue was whether the claimant had established that his neck impairment was due to the compensable injury. Although the medical evidence described the claimant's impairment as "consistent with" the compensable

injury rather than "due to" that injury, we affirmed the Board's award of unscheduled PPD.

■■ *Danboise* does not assist claimant here. The Board rejected Dinneen's report as "utterly unexplained." Claimant agrees: "Unfortunately that is exactly what it is." Because claimant's symptoms appeared gradually rather than as a result of a single precipitating event, the question of causation is a complex one, requiring expert medical opinion. *Uris v. Compensation Department*, 247 Or 420, 426, 427 P2d 573 (1967); *Barnett v. SAIF*, 122 Or App 279, 282, 857 P2d 228 (1993). McDonald determined that claimant suffered no impairment. Without Dinneen's report, there is no evidence of impairment in this case, let alone a causal link to claimant's compensable injury. Because claimant failed to meet his burden of proof, the Board erred in awarding PPD.

In light of this disposition, we need not address employer's other assignments of error.

Reversed.