Argued and submitted October 2, 2001, affirmed July 17, 2002

In the Matter of the Compensation of
James A. Hanson, Claimant.

James A. HANSON,
*Petitioner,*

*v.*

DAN'S STEEL COMPANY
and SAIF Corporation,
*Respondents.*

00-01150; A111945

50 P3d 1224

Christopher D. Moore argued the cause for petitioner. With him on the briefs was Malagon, Moore & Jensen.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before Wollheim, Presiding Judge, and Deits, Chief Judge, and Warren, Senior Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Claimant seeks review of a Workers' Compensation Board order reducing claimant's award of permanent partial disability (PPD). We review for errors of law and substantial evidence, ORS 183.482(8), and affirm.

We summarize the facts from the board's order and the record. In June 1995, claimant injured his wrist while at work. SAIF accepted the claim for "contusion right wrist." Claimant received medical treatment from Dr. Zirschky. Zirschky originally diagnosed a severe right wrist strain, but an arthrogram indicated a ligament injury and triangular fibrocartilage tear. The claim was closed by a September 1996 determination order that awarded claimant 15 percent scheduled PPD. A January 1997 order on reconsideration reduced claimant's PPD award to five percent. That order was ultimately upheld by a January 1998 order on review.

Claimant filed an aggravation claim in August 1998. Zirschky examined claimant and noted that claimant's triangular fibrocartilage tear showed improvement as a result of previous treatment and that he believed that surgery would further improve claimant's symptoms. SAIF reopened the claim in February 1999. In March 1999, Zirschky performed arthroscopic surgery on claimant's triangular fibrocartilage tear. Claimant showed some improvement afterwards but also had some residual pain post-surgery. Claimant was referred to therapy for hand strengthening. While claimant showed some additional improvement, he continued to experience pain with wrist movement and grasping activities. On July 30, 1999, an occupational therapist evaluated claimant's wrist and found reduced range of motion. Zirschky declared claimant medically stationary in August 1999. Zirschky indicated that claimant had sustained permanent injury and adopted the July 30, 1999, range of motion findings for rating claimant's impairment.

In September 1999, SAIF issued an updated acceptance for "contusion right wrist and strain, right wrist." A notice of closure was issued that awarded claimant 13 percent PPD based on the reduced range of motion findings. Claimant requested reconsideration.

In December 1999, SAIF accepted the additional condition of "triangular fibrocartilage tear, right wrist." By letter, claimant requested that the Department of Consumer and Business Services (DCBS) include the newly accepted condition during reconsideration. A medical arbiter panel examined claimant in January 2000. The panel found a reduced range of motion that was greater than the findings used for the 1996 closure. The panel reported as follows:

"The [claimant's] loss of range of motion of the wrist on flexion, extension, radial and ulnar deviation is greater than would be expected from the accepted conditions.

"We compared our results with those reported on December 14, 1996 by Dr. Neumann, et al. The [claimant] has considerable reduced range of motion on the right today when compared to that reported then. Since that time the [claimant] has undergone a debridement of the triangular fibrocartilage. If this had been the cause of his symptoms, his range of motion would be expected to be improved and not reduced. We do not regard the loss of range of motion found today as being due to the accepted conditions. Thus, we do not believe there is objective evidence of worsening."

An order on reconsideration nonetheless relied on the medical arbiters' range of motion findings and increased claimant's PPD award to 21 percent.

SAIF requested a hearing. The administrative law judge (ALJ) affirmed the order on reconsideration. The ALJ found that the medical arbiters' opinion, that claimant's reduced range of motion was not due to the accepted conditions, was not well reasoned. Rather, the ALJ concluded that "the standard articulated by [*SAIF v. Danboise*, 147 Or App 550, 937 P2d 127, *rev den* 325 Or 438 (1997),] ha[d] been met," because claimant's range of motion findings were consistent with his accepted conditions and, further, no other possible source of impairment was identified.

The board reversed the ALJ and reduced claimant's award of PPD to 13 percent, the amount supported by the July 1999 range of motion findings that neither party disputed. It held that *Danboise* was inapplicable because the

medical arbiters had suggested that the range of motion findings were inconsistent with the accepted conditions and not "due to" the accepted conditions.

On review, the issue is whether the board's finding that the medical arbiters' measurements were not due to the accepted conditions is supported by substantial evidence. ORS 183.482(8)(c) provides that "[s]ubstantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." *See Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988).

We hold that there is substantial evidence to support the board's finding that the medical arbiters' range of motion findings were not "due to" the industrial injury. ORS 656.214(2) provides that, when awarding PPD for an injury, "the criteria for the rating of disability shall be the permanent loss of use or function of the injured member *due to* the industrial injury." (Emphasis added.) The burden of proving the nature and extent of any disability resulting from an injury is on the claimant. ORS 656.266. "The claimant must meet his or her burden by a preponderance of the medical evidence." *SAIF v. Alton*, 171 Or App 491, 497, 16 P3d 525 (2000).

Here, the medical arbiter panel concluded that claimant's January 2000 range of motion measurements were not due to the accepted conditions. The panel explained that, considering earlier range of motion findings and the surgery that claimant had undergone for his triangular fibrocartilage tear, his range of motion should have improved, and not worsened, if the accepted conditions had been the cause of claimant's symptoms. Claimant presented no other evidence that indicated that his reduced range of motion was due to the accepted conditions. We hold that the board's finding was supported by substantial evidence.

Claimant argues that "[w]hen the medical arbiter fails to establish any other cause than the compensable injury for impairment findings, the [b]oard is obligated to rate the disability on those findings." Claimant relies on *Danboise* to support this proposition. SAIF responds that claimant ignores a second requirement, articulated in

*Danboise* and *Alton*, that claimant's impairment be consistent with the compensable injury.

*Danboise* and *Alton* involve circumstances, like those in this case, where a claimant is rated for impairment but the medical evidence fails to state that the impairment is "due to" the compensable condition(s). The cases discuss when an inference of causation is permissible in such circumstances. In *Danboise*, the claimant's cervical impairment findings were described by the arbiters as consistent with the compensable injury, and nothing in the record identified any noncompensable causes that may have contributed. We held that, "when the record discloses no other possible source of impairment, medical evidence that rates the impairment and describes it as 'consistent with' the compensable injury supports a finding that the impairment is due to the compensable injury." 147 Or App at 553.

In *Alton*, we further explained our holding in *Danboise*:

"Properly understood, *Danboise* is an application of the principles that apply to factual inferences in administrative cases. Evidence to support a finding of fact ordinarily can include reasonable inferences derived from facts expressly adduced, as long as the facts on which the inference is based are themselves supported by substantial evidence in the record and as long as there is a 'basis in reason' for connecting the inference to the facts from which it is derived. In *Danboise*, we concluded that the factfinder could infer causation from two 'facts' in combination: (1) a medical opinion expressly describing a claimant's permanent impairment as consistent with the compensable injury, and (2) the lack of any evidence that the impairment could be due to other possible causes. The logic underlying the inference was: claimant has an impairment consistent with the compensable injury; there is no evidence of any other cause for the impairment; therefore, the impairment is due to the compensable injury." *Alton*, 171 Or App at 499-500 (citations omitted).

We then rejected the *Alton* board's inference of causation as not being supported by substantial evidence because the claimant's impairment had not been described as consistent

with his compensable injury, and, moreover, the record contained multiple noncompensable possibilities that may have contributed to his impairment. *Id.* at 500-01.

Neither *Danboise* nor *Alton* requires the board to make an inference. Nor, on the other hand, do *Danboise* and *Alton* establish the only circumstances in which an inference is permissible. Rather, the overriding question is whether substantial evidence in the record supports the board's decision to make, or not make, an inference.

Here, although no noncompensable possibilities were identified, the medical arbiters did not describe claimant's range of motion findings as consistent with the compensable injury. To the contrary, the medical arbiters' opinion suggested that claimant's range of motion was inconsistent with what would be expected and explicitly stated that they "d[id] not regard the loss of range of motion found today as being due to the accepted conditions." The board's decision not to infer causation in this case was permissible.

Next, claimant argues that his impairment was implicitly consistent with the compensable conditions because the medical arbiters did not declare their findings invalid. Claimant confuses validity of findings with causation. Whether a particular set of medical findings is valid is determined by the methods of measurement and rate of error. OAR 436-035-0007(28) ("Validity shall be established for findings of impairment according to the criterion in the *AMA Guides to the Evaluation of Permanent Impairment*, 3rd Ed., Rev., 1990."). Neither party in this case disputed the validity of the medical arbiters' measurements, *i.e.*, that claimant had a reduced range of motion. The dispute concerned the cause of claimant's reduced range of motion. *See* ORS 656.214(2) ("[T]he criteria for the rating of disability shall be the permanent loss of use or function of the injured member *due to* the industrial injury.") (emphasis added); OAR 436-035-0007(1) ("[A] worker is entitled to a value under these rules only for those findings of impairment that are permanent and were caused by the accepted compensable condition, an accepted consequential condition and direct medical sequela.").

Based on the evidence in the record, the board was not required to infer causation and could have found that claimant had failed to prove that his compensable injury was the cause of his reduced range of motion. Therefore, we affirm the board's order as being supported by substantial evidence.

Affirmed.