Argued and submitted May 24, affirmed October 20, 2004

In the Matter of the Compensation of
Michael J. Joerres, Claimant.

OFFICE DEPOT, INC.,
and Travelers Insurance Company,
*Petitioners,*

*v.*

Michael J. JOERRES,
*Respondent.*

02-05241; A121272

99 P3d 789

Jerald P. Keene argued the cause and filed the brief for petitioners.

L. Leslie Bush argued the cause for respondent. With him on the brief was Parker, Bush & Lane, P.C.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Office Depot and Travelers Insurance Company (insurer) seek review of a Workers' Compensation Board (board) order affirming an award of permanent partial disability (PPD) benefits to claimant. Insurer makes two arguments, first asserting that the board erred when it awarded disability for an unaccepted condition and second that the board erroneously interpreted OAR 436-035-0230(3)(a). This court reviews board orders for substantial evidence and errors of law. ORS 656.298; ORS 183.482 (7), (8). We affirm.

Claimant compensably injured his right knee when he slipped off the back of his truck and fell to the ground. Insurer accepted claimant's right knee strain.[1] Dr. Cook, claimant's attending physician, performed right knee surgery consisting of an arthroscopy, patellar shave, resection of the medial plica, and a lateral retinacular release. The surgery revealed a partial anterior cruciate ligament (ACL) tear amongst other knee-related maladies. Following Cook's post-surgery examination of claimant, insurer accepted an additional condition, "partial tear anterior cruciate ligament right knee."

Insurer scheduled an insurer medical examination (IME). The IME doctors reported "[r]ight knee abnormality, with evidence of a ligamentous laxity, and instability, grade 1, secondary to the fall of March 16, 2000." Additionally, they reported that "[t]here is instability of the right knee of grade 1, affecting both the medial collateral ligament and the anterior cruciate ligament." Finally, the doctors reported that all of the observed limitations were secondary to the industrial injury. The attending physician concurred.

Insurer issued a notice of closure that awarded 19 percent scheduled PPD for the right knee. Claimant then requested reconsideration, and a medical arbiter panel examined him. The panel found grade 1 instability in the right knee and identified the specific ligament involved as the right medial collateral ligament. Finally, the physicians

---

[1] Claimant also injured his right shoulder and hit his head in the fall, but those injuries are not at issue here.

reported that all findings in the right knee were due to the accepted conditions.

An order on reconsideration increased claimant's scheduled right knee PPD award to 33 percent. That award included 10 percent impairment based on grade 1 instability of the right knee. Insurer requested a hearing, challenging the impairment awarded pursuant to the medical arbiters' grade 1 laxity finding.[2] The administrative law judge (ALJ) determined that the grade 1 laxity in claimant's right knee was due to his accepted right knee strain and partial tear of the ACL; accordingly, the ALJ affirmed the order on reconsideration.

Insurer requested board review, arguing that the "laxity" of the right knee medial collateral ligament was not an accepted condition and that the ALJ erred in relying on the medical arbiter's impairment findings. The board affirmed, adopted the ALJ's analysis, and supplemented it with an explanation of why claimant's knee joint instability was correctly considered in rating claimant's impairment.

■ We begin with insurer's argument that the board erred in affirming the PPD award that was, in part, based on an unaccepted condition, ligament damage. ORS 656.214(2) provides, in part, that "[w]hen permanent partial disability results from an injury, the criteria for the rating of disability shall be the permanent loss of use or function of the injured member *due to the industrial injury.*" (Emphasis added.) There is no question here that claimant sustained an injury resulting in a permanent loss of use or function; the question is whether claimant's right knee instability is "due to the industrial injury."

ORS 656.268(14) provides that "[c]onditions that are direct medical sequelae to the original accepted condition shall be included in rating permanent disability of the claim unless they have been specifically denied." The Workers' Compensation Division adopted Disability Rating Standards, OAR chapter 436, division 35, including OAR 436-035-0007(1), which provides, in part, that "a worker is

---

[2] The terms "laxity" and "instability" appear to be used interchangeably to refer to the same impairment.

entitled to a value under these rules only for those findings of impairment that are permanent and were caused by the accepted compensable condition and direct medical sequel." OAR 436-035-0005(7) defines "impairment" as "a compensable, permanent loss of use or function of a body part/system related to the compensable condition, determined in accordance with these rules, OAR 436-010-0280 and ORS 656.726(4)(f)(C)." OAR 436-035-0005(5) defines a "direct medical sequela" as "a condition which originates or stems from the compensable injury or disease that is clearly established medically." The IME physicians were the first to identify the instability secondary to the industrial injury. Claimant's attending physician concurred in all of their findings and conclusions. When the medical arbiter panel examined claimant, it also found the instability and stated that it was due to the accepted conditions.

Insurer argues that *any* instability due to a laxity in the right medial ligament cannot be considered in the rating of claimant's impairment because the right medial ligament condition is not an accepted condition. *SAIF v. Danboise*, 147 Or App 550, 937 P2d 127, *rev den*, 325 Or 438 (1997), is helpful in resolving the issue here. In *Danboise*, the arbiters found that the claimant had an impairment but they did not indicate whether the impairment was due to the compensable injury. *Id.* at 552. However, on judicial review we affirmed the board's conclusion that the report supported a finding that the claimant's impairment was due to the compensable injury. *Id.* We further explained that

> "when the record discloses no other possible source of impairment, medical evidence that rates the impairment and describes it as 'consistent with' the compensable injury supports a finding that the impairment is due to the compensable injury. It is the Board's responsibility to make findings regarding claimant's impairment. It has made those findings and they are supported by substantial evidence."

*Id.* at 553.

Here, the arbiters unambiguously stated that the impairment was due to the accepted conditions. The record disclosed no other source of impairment. The board reviewed

all of the evidence and concluded that claimant's right knee instability is a result of the work injury. The board's conclusion is supported by substantial evidence.

■ Based on ORS 656.268(14), the instability was properly included in the rating of PPD as a direct medical sequela to the accepted conditions. Substantial evidence supports that conclusion. Direct medical sequelae are to be rated unless specifically denied. *Manley v. SAIF*, 181 Or App 431, 437, 45 P3d 1027 (2002). Insurer never denied the instability; therefore, it was properly rated as a direct medical sequela.

The board correctly applied both ORS 656.214(2) and ORS 656.268(14). Substantial evidence supports the board's finding that the instability in claimant's right knee is a direct medical sequela caused by the accepted conditions.[3]

Affirmed.

---

[3] Based on our resolution of insurer's first argument, we reject the second without further discussion.