ARMSTRONG, P. J.
*812 *811 Employer Liberty Metal Fabricators, Inc., (Liberty) seeks review of an order of the Workers' Compensation Board holding it responsible for claimant's hearing loss under the last injurious exposure rule. We conclude that the board did not err and therefore affirm.
We summarize the largely undisputed pertinent facts from the board's order. Claimant, a sheet metal fabricator, worked for The Lynch Company (Lynch) from 1996 to 2006, for Liberty from 2006 to June 2014, and again for Lynch from June 2014 until his retirement in November 2014. In February 2016, claimant sought treatment for hearing loss and filed an occupational disease claim with Lynch and then with Liberty.
At Lynch's request, claimant was evaluated by Dr. Lipman, an otolaryngologist. Lipman opined that claimant's life-long occupational exposure to noise in the metal-fabrication industry was the major contributing cause of his hearing loss. Claimant had had an audiogram in June 2014, before beginning his second period of employment with Lynch, and a second audiogram in April 2016, when he first saw Lipman. Lipman opined that there had been no appreciable change in claimant's hearing loss during the second period of employment with Lynch and that it was impossible for claimant's second period of employment with Lynch to have caused or contributed to his hearing loss. Lipman subsequently opined on cross-examination in deposition that it was possible that claimant had sustained a one decibel change in his hearing during his second period of employment with Lynch but that such a loss is not measurable. Additionally, he testified that a change of less than five decibels is disregarded as falling within "test-retest variability."
Both Liberty and Lynch conceded the compensability of claimant's hearing loss but denied responsibility for the claim, and claimant requested a hearing on both denials. In determining that Liberty is responsible for claimant's hearing loss, the board cited the last injurious exposure rule, under which "presumptive responsibility" for an occupational disease claim is assigned to the most recent *812 potentially causal employer for whom the claimant worked or was working at the time that the claimant first sought or received treatment. Waste Management v. Pruitt , 224 Or. App. 280, 286, 198 P.3d 429 (2008), rev. den. , 346 Or. 66, 204 P.3d 96 (2009). A presumptively responsible employer may shift responsibility to a prior employer by establishing that (1) it was impossible for conditions at its workplace to have caused or worsened the disease, or (2) the disease was caused or worsened by conditions at one or more previous employments. Beneficiaries of Strametz v. Spectrum Motorwerks , 325 Or. 439, 444-45, 939 P.2d 617 (1997) ; Roseburg Forest Products v. Long , 325 Or. 305, 308, 937 P.2d 517 (1997). The last injurious exposure rule "cannot impose responsibility on an employer who has proved that it could not have been the cause of a claimant's occupational disease." Beneficiaries of Strametz , 325 Or. at 444, 939 P.2d 617.
The board reasoned that Lynch, as the presumptively responsible employer, had established, through Lipman's opinion, that responsibility should shift to Liberty because, "to a reasonable degree of medical probability, it was impossible for claimant's latter period of employment with Lynch to have contributed to his hearing loss disability." The board acknowledged that employment conditions at the second Lynch employment were similar to claimant's previous workplace exposures but found, based on the medical evidence, "that it was not possible that claimant's last period of employment with Lynch caused or contributed to the hearing loss."
*813 On judicial review, Liberty first asserts that the board misapplied the test set out in Roseburg Forest Products for shifting responsibility to a prior employment. The error, Liberty asserts, is apparent in the board's phrasing of its conclusion that, to a reasonable degree of medical probability , it was impossible for claimant's latter period of employment with Lynch to have contributed to his hearing loss. Liberty asserts that "impossibility" cannot be established by medical evidence stated in terms of "probability." We disagree. The standard of proof in this case is a preponderance of the evidence. See Blank v. US Bank of Oregon , 252 Or. App. 553, 557, 287 P.3d 1272 (2012) (injury claim must be established by a preponderance of evidence);
*813 SAIF v. Alton , 171 Or. App. 491, 497, 16 P.3d 525 (2000) (preponderance of evidence standard of proof applies to establishing compensability of an injury or occupational disease claim).[1] "Reasonable medical probability" describes the level of proof required to establish medical causation by a preponderance of the evidence. Robinson v. SAIF , 147 Or. App. 157, 160, 935 P.2d 454 (1996) ; McIntyre v. Standard Utility Contractors, Inc. , 135 Or. App. 298, 301, 897 P.2d 1202 (1995) ; Mandell v. SAIF , 41 Or. App. 253, 256, 597 P.2d 1281 (1979). The standard of reasonable medical probability applies in determining medical causation in the responsibility context. See Port of Portland OCIP v. Cierniak , 207 Or. App. 571, 576, 142 P.3d 542 (2006) (citing Mandell , 41 Or. App. at 256, 597 P.2d 1281 (causality should be expressed in terms of reasonable medical probability) ); City of Albany v. Cary , 201 Or. App. 147, 117 P.3d 1062 (2005) (medical evidence of contribution of subsequent employment was not sufficient where it was not stated in terms of reasonable medical probability). Just as evidence, offered in terms of reasonable medical probability, would suffice to establish that claimant's hearing loss was caused by his employment, evidence offered in terms of reasonable medical probability would suffice to establish that it was not possible for the second period of employment at Lynch to have caused claimant's hearing loss. The board did not err in describing the medical evidence in terms of reasonable medical probability.
Liberty asserts that if, as Lipman acknowledged, there was a possibility of a contribution (although non-measurable or insignificant) to claimant's hearing loss by claimant's second period of employment with Lynch, then the evidence cannot support the conclusion that causation by claimant's second period of employment with Lynch was impossible . Once again, we reject the contention. Proof of literal impossibility is not what the case law requires. Although literal impossibility would certainly suffice to shift responsibility to a previous employer, a presumptively responsible employer may also shift responsibility for an occupational disease to a prior employer by showing that the disease was *814 caused or worsened by conditions solely at one or more previous employments. Roseburg Forest Products , 325 Or. at 308, 937 P.2d 517. Lipman provided the only medical opinion on the cause of claimant's hearing loss. It is true that, on questioning by Liberty's counsel during a deposition, Lipman acknowledged that it was possible for a hearing loss of one decibel to have occurred at the second Lynch employment. But he also explained that a change of one decibel in hearing is not measurable and would not be significant. He further explained that any difference in test results less than five decibels is disregarded, because it falls within the range of "test-retest variability." Lipman said that he had calculated claimant's overall, cumulative hearing loss over six frequencies, and that those numbers were identical in each of the two hearing tests. He opined that the two hearing tests showed that there had been no change in claimant's hearing loss and that the second period of employment with Lynch did not contribute to his hearing loss. The board could reasonably interpret Lipman's opinion, read as a whole, to support the finding that, to a reasonable medical probability, claimant's hearing loss was caused solely by employment conditions other than the second period of employment *814 with Lynch. Hicks v. SAIF , 196 Or. App. 146, 151, 100 P.3d 1129 (2004) (court will affirm the board's reasonable interpretation of the medical evidence supported by substantial evidence). The board did not err in assigning responsibility for claimant's claim to Liberty.
Affirmed.

There are statutory exceptions to the preponderance standard. See, e.g. , ORS 656.802(3)(d) (describing "clear and convincing" standard of proof for mental disorder claims); ORS 656.802(4) (describing "clear and convincing" standard for denial of firefighter claim).