On appellants' petition for reconsideration filed  February 13, and respondents' response to petition for reconsideration filed February 19, 2019, reconsideration allowed,  former opinion (295 Or App 809, 435 P3d 810) modified and adhered to as modified January 29, 2020

In the Matter of the Compensation of
Darrell Alcorn, Claimant.

LIBERTY METAL FABRICATORS, INC.
and SAIF Corporation,
*Petitioners,*

*v.*

THE LYNCH COMPANY, INC.;
SAIF Corporation; and Darrell Alcorn,
*Respondents.*

Workers' Compensation Board
1602391, 1602051; A165388

456 P3d 691

Rebecca A. Watkins for petition.

Julie Masters for response.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

**PER CURIAM**

Employer Liberty Metal Fabricators, Inc. (Liberty), has filed a petition for reconsideration of our opinion in this case, 295 Or App 809, 435 P3d 810 (2019), seeking clarification of the legal standard for a presumptively responsible employer to shift responsibility to a prior employer under the last injurious exposure rule. For clarification, we revise the sentence at page 812 of the opinion to read as follows:

> "A presumptively responsible employer may shift responsibility to a prior employer by establishing that (1) it was impossible for conditions at its workplace to have caused or worsened the disease, or (2) the disease was caused or worsened solely by conditions at one or more previous employments."

Reconsideration allowed; former opinion modified and adhered to as modified.