Argued and submitted November 15, 2021; reversed and remanded January 20; respondents' petition for reconsideration filed February 3 and petitioner's response filed February 10, allowed by opinion March 30, 2022
See 318 Or App 641, 509 P3d 763 (2022)

In the Matter of the Compensation of
Diane M. Rogers, Claimant.

Diane M. ROGERS,
*Petitioner,*

*v.*

CORVEL ENTERPRISE COMP, INC.
and TriMet – Tri-County Metropolitan Transportation,
*Respondents.*

Workers' Compensation Board
1901029; A174837

505 P3d 1073

Claimant, a bus driver for employer TriMet, contracted Influenza A after a work exposure to the virus and filed a workers' compensation claim for an industrial injury, which employer denied. The Workers' Compensation Board (board) acknowledged claimant's work exposure to the virus, but the board concluded that claimant had not met her burden to show that her work exposure was a material contributing cause of her illness, because claimant's medical expert lacked a complete medical history, as he was unaware that, during the incubation period for the virus, claimant had made a trip to a grocery store. On judicial review, claimant contends that the board erred. *Held*: The Court of Appeals determined that the board had failed to explain how the expert's lack of awareness of claimant's trip to the grocery store defeated the opinion's persuasiveness under a material contributing cause standard of proof of causation. Under that standard, claimant was only required to prove, by a preponderance of the evidence, that an employment-related fact of consequence was a likely cause of claimant's illness. That shortcoming in the board's analysis led the court to conclude that the board's rejection of the medical opinion was not supported by substantial reason. The court therefore reversed and remanded the case to the board for reconsideration under the correct standard.

Reversed and remanded.

Jodie Anne Phillips Polich argued the cause and filed the briefs for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Samuel P. Whalen argued the cause and filed the brief for respondents.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

ARMSTRONG, S. J.

Reversed and remanded.

ARMSTRONG S. J.

Claimant, a bus driver for employer TriMet, contracted Influenza A after a work exposure to the virus. She filed a workers' compensation claim for an industrial injury, which employer denied. In affirming an order of an administrative law judge (ALJ), the Workers' Compensation Board (board) acknowledged claimant's work exposure to the flu virus but concluded that claimant had not met her burden to show medical causation—that her work exposure was a material contributing cause of her illness. On judicial review, claimant contends that the board erred in rejecting the opinion of her medical expert based on the lack of a complete medical history.[1] We agree with claimant that the board erred and therefore reverse and remand for reconsideration.

In early February 2019, which was high flu season, despite having been vaccinated, claimant became ill with the flu. The medical evidence is that the flu can be present in any setting where people are present, and that masking and handwashing reduce transmission. Employer's policy prohibited claimant from wearing a mask while driving a bus and, because of the nature of her work, claimant did not have the ability to wash her hands frequently.

Claimant testified that, in her full-time work as a bus driver, she is regularly exposed to passengers who are coughing and sneezing. She testified that, in the days before she began to feel ill, and during the typical four- to six-day incubation period for the flu, she was exposed to passengers who were coughing and sneezing. She also testified that she was exposed to Influenza A at work when she hugged a coworker who was subsequently diagnosed with the illness.

Off work during that same period, claimant ran several errands that included a regular trip to the doctor and quick trips to a department store, a pharmacy drive-up window, and a grocery store. When she developed a high fever, shortness of breath, low oxygen levels, and a severe

---

[1] The board determined that claimant's claim should be treated as one for an injury rather than an occupational disease. That determination is not challenged on judicial review.

headache, claimant went to the emergency room and was admitted to the hospital for one night. She was diagnosed with Influenza A. Claimant lost 10 days of work as a result of her illness.

Claimant filed a claim for her illness, which employer denied. In support of her claim at the hearing, claimant presented the opinion of Dr. Cribbs, an occupational medicine physician and claimant's attending physician, who examined claimant after her hospitalization. Employer relied on the opinion of Dr. Leggett, who specializes in infectious diseases and who reviewed claimant's medical records at employer's request.

Leggett stated in his report that "influenza was widespread in the entire Portland community at the time of the onset of [claimant's] illness," and that any time a person was in a public space during that time they were exposed to the flu. Leggett stated that, although it was possible that claimant had contracted Influenza A at work, he could not make that determination on a "more likely than not" basis. Leggett offered the opinion that "[claimant] may have been infected with influenza A either during her days off the Wednesday or Thursday prior to the onset of her illness, or *perhaps more likely*, sometime during the three days she worked prior to the onset of her illness." (Emphasis added.)

Cribbs was more definitive. He testified by deposition that, although flu is not distinctly an occupational risk, there are studies showing that drivers of public transportation are at increased risk for contracting infectious diseases like the flu because of their close contact with the public. Cribbs, who testified that he does not see a lot of flu in his occupational medicine practice, testified that, with a proper epidemiological investigation, it is possible to determine where someone contracted the flu. In this case, because no epidemiological study had been done, he testified that he could not be certain where claimant acquired her illness, so his purpose was to determine the "likely" cause of claimant's flu.

Cribbs explained that he relied on statistical probability for determining the likely cause of claimant's flu. He explained that his method was to "look at all of the other

points of exposure and rank them according to risk." Cribbs was aware of claimant's possible off-work exposures to flu at the department store and doctor's office but he was not aware of (or did not specifically address) claimant's trip to the grocery store. In his view, there was nothing about claimant's off-work activities that put her at greater risk than her exposure as a bus driver. Based on the information that he had, Cribbs believed that claimant's exposure at work was more significant than her off-work exposures. Cribbs concurred in a statement by claimant's attorney that "[claimant's] exposure as a driver *** was much more likely to be the source of her Influenza A than her exposure as an ordinary Oregonian." And based on the high presence of flu virus circulating in Portland during the time that claimant became sick and claimant's increased exposure to illness in her employment, Cribbs believed that it was more likely than not that claimant's illness had been caused by work exposure. He opined that, "given the sum total of her lifestyle, her typical social interactions and the specific interactions of the preceding week, her workplace exposure was the highest risk exposure during that period." During his deposition testimony, Cribbs agreed with claimant's counsel's statement that "it was more likely than not, based on the totality of the information available to you, that [claimant] was exposed to influenza at work."

In its order upholding employer's denial, the board acknowledged claimant's potential exposure to flu at work and the applicability of the material contributing cause standard of proof in the occupational injury context. The board determined that, because of multiple potential causes, the question of medical causation was a complex issue that required expert medical evidence. The board explained that it rejected Leggett's opinion of medical causation because Leggett had not expressed his opinion in terms of medical probability. The board also rejected Cribbs's opinion, reasoning that it was based on an incomplete history, because Cribbs had not been aware of claimant's trip to the grocery store in the days before she became ill. Having rejected both medical opinions, the board concluded that claimant had not met her burden of proof under ORS 656.266(1) to show

that her exposure to flu at work was likely a material contributing cause of her illness.

On judicial review, claimant contends that the board's order is not supported by substantial evidence or substantial reason.

To establish the compensability of her illness as an injury, claimant was required to prove both legal and medical causation by a preponderance of the evidence. *Coday v. Willamette Tug & Barge*, 250 Or 39, 440 P2d 224 (1968); ORS 656.266(1).[2] The only issue in dispute on judicial review is medical causation—whether claimant has established, by a preponderance of the evidence, that her exposure to flu at work was a material contributing cause of her illness. *See Schliess v. SAIF Corp.*, 354 Or 637, 643, 317 P3d 244 (2013) ("This court has construed the phrase 'arising out of' to mean that a workplace injury must be a material contributing cause of disability or the need for medical treatment in order to be compensable."). This case presents a unique variation on that standard, because both doctors explained that it is not possible to determine with certainty where claimant "caught" the flu. The compensability of the claim thus depends on evidence that it was more likely than not that claimant's exposure at work was a likely material cause of her illness.

Cribbs and Leggett agreed that any time claimant was in a public place she was potentially exposed to the flu, either on the job or off the job. Claimant contends that the board was mistaken in rejecting Cribbs's opinion of causation based on his lack of knowledge of one potential exposure at the grocery store. She contends that Cribbs's opinion did not depend on his knowledge of that specific trip, which was not necessary to his evaluation of material contributing cause and which, unlike the major contributing cause standard applicable in the occupational disease claim, does not require a weighing of every possible off-work exposure against the work exposure. Here, claimant contends, Cribbs formed his opinion based on his general

---

[2] ORS 656.266(1) provides, in part:

"The burden of proving that an injury or occupational disease is compensable *** is upon the worker."

understanding of the types of exposures claimant had off the job when compared with her on-the-job exposure and concluded that it was likely that claimant's work was the cause.

Claimant contends that, in fact, even in the absence of medical evidence, evidence of her having been exposed on a job is "some affirmative evidence" from which a fact-finder could find a work connection. *See Seeley v. Sisters of Providence*, 179 Or App 723, 41 P3d 1093 (2002) (explaining that a worker meets the burden of proof required by ORS 656.266(1) in the occupational disease context by producing "some affirmative evidence" from which the factfinder can make a work connection). Thus, claimant contends, contrary to the board's conclusion, even in the absence of persuasive medical evidence, her evidence was not legally insufficient under ORS 656.266.

We agree with the board that, because of the complexity of the issue of determining the medical cause of a viral infection when there are multiple potential causes, claimant was required to establish medical causation by a preponderance of the evidence through expert medical evidence, stated in terms of "a reasonable medical probability." *See SAIF v. Gaffke*, 152 Or App 367, 371, 954 P2d 179 (1998) (expert medical opinion is required when the question of causation is a complex one); *see also Liberty Metal Fabricators v. Lynch Co.*, 295 Or App 809, 813, 435 P3d 810 (2019), *modified on recons*, 302 Or App 110, 456 P3d 691, *rev den*, 366 Or 731 (2020) (noting "reasonable medical probability" describes the level of proof required to establish medical causation by a preponderance of the evidence).

The analysis of this case is further complicated by the fact that, although the claim was filed as one for an injury, employer has contended that the claim should be analyzed as one for an occupational disease. Thus, as summarized above, the medical opinions of both Cribbs and Leggett were stated in terms of the "major contributing cause" standard of proof, ORS 656.802(2)(a) ("The worker must prove that employment conditions were the major contributing cause of the disease."), which requires a weighing of the relative contribution of work-related versus non-work-related causes

to determine "the cause that contributes more than all other causes combined." *Lowells v. SAIF*, 285 Or App 161, 164, 396 P3d 241 (2017); *Cummings v. SAIF*, 197 Or App 312, 318, 105 P3d 875 (2005) (a "major contributing cause" is one that is the primary cause of the need for treatment or disability). But because the ALJ and the board determined that the claim should be analyzed as an injury claim, the "material contributing cause" standard of proof is applicable. Under that standard, and claimant's burden to establish her claim by a preponderance of the evidence, claimant was required to establish only that it was more likely than not that her work-place exposure materially contributed to her disability or need for treatment. *See* ORS 656.005(7)(a); ORS 656.266(1); *Albany Gen. Hosp. v. Gasperino*, 113 Or App 411, 415, 833 P2d 1292 (1992). Under the "material contributing cause" standard, a work injury—or, in this case, an illness—is compensable if the employment is a "fact of consequence" regarding the claimant's condition. *Mize v. Comcast Corp – AT & T Broadband*, 208 Or App 563, 570, 145 P3d 315 (2006); *see State v. Johanesen*, 319 Or 128, 135, 873 P2d 1065 (1994) (a "material" fact is a fact of consequence to the determination of an action).

It is clear from Cribbs's opinion, considered in its entirety, as expressed variously in the form of deposition testimony and in writing, that Cribbs regarded claimant's work environment, where she was frequently exposed to passengers who were coughing or sneezing, as posing a greater risk of exposure to flu than claimant's brief potential exposures in her off-work environment. On this record, Cribbs's opinion supports the conclusion that claimant's exposure at work was a "fact of consequence" that could satisfy her burden of proof under a material contributing cause standard, despite his lack of awareness of claimant's trip to the grocery store. In rejecting Cribbs's opinion that claimant's flu was likely caused by exposure at work, the board focused on Cribbs's failure to consider claimant's trip to the grocery store. That omission would certainly be significant if the major contributing cause standard of proof, under which Cribbs initially evaluated the case and which required a weighing of all causes to determine the major cause, were applicable. But the board did not explain how Cribbs's lack of awareness of

claimant's trip to the grocery store defeated the opinion's persuasiveness under a material contributing cause standard of proof of causation, which required only proof that it was more likely than not that an employment-related fact of consequence was a cause of claimant's illness. That shortcoming in the board's analysis leads us to conclude that the board's rejection of Cribbs's opinion is not supported by substantial reason. In light of the narrow question presented to us on judicial review, we conclude that the board erred, and we therefore remand the case to the board for reconsideration under the correct standard.

Reversed and remanded.